Weston Patterson, J.
(dissenting and voting to reverse the order, deny tenant’s motion to vacate the stipulation of settlement and the underlying default final judgment, and to dismiss the petition, and remand the matter for a hearing to determine whether tenant complied with the stipulation’s provision requiring him to prove timely submission of recertification documents, in the following memorandum). In my view, landlord’s recertification notices sufficiently complied with the HUD Handbook. Accordingly, I respectfully dissent.
Although the HUD Handbook guidelines require that the first recertification notice provide, among other things, “the name of the staff person at the property to contact about scheduling a recertification interview” (Handbook ¶ 7-7 [B] [2] [b] [2]), the corresponding sample notice reads, in relevant part: “To complete our review of your income and family composition, you must meet with (Resident Manager, Occupancy Clerk, etc.) at (place of interview) and supply the required information.” (Handbook exhibit 7-2.) While I recognize that the sample’s language is not controlling, it is, at the very least, helpful in interpreting the guideline’s meaning. Reading the *41 guideline together with the sample notice, I conclude that a landlord is not required to identify a specific individual by name in order for the notice to be sufficient. To the contrary, as long as the notice sufficiently apprises the tenant of the title of the staff person or, in this case, the management office, to be contacted, the notice should be deemed sufficient. Indeed, to require landlord — which oversees a 46-tower rental complex with numerous employees capable of performing Section 8 recertifications — to identify by name the employee to be contacted is not only impractical, but presents a burden to tenant, who is limited to contacting a single employee.
Landlord’s third notice apprising tenant of the consequences of noncompliance with recertification is similarly sufficient and reflects the language contained in the sample notice. While the Handbook’s guideline (id. at ¶ 7.7 [B] [4] [b] [2]) requires, in part, the third notice to “[sjpecify the amount of rent the tenant will be required to pay if the tenant fails to provide the required recertification information” the corresponding sample reads, in relevant part:
“If you do not respond before (insert recertification anniversary date), paragraph [15 ... or ... 14] of your lease gives us the right to terminate your assistance and charge you the ( . . . insert type of rent, either . . . market rent, contract rent or . . . 110% of BMIR rent) of_. (insert rent the tenant will be required to pay) . . . .”
By listing “market rent” as an example of the amount of rent to be charged upon termination, the sample notice suggests that landlord’s use of “market rent” in this case was proper.
Even assuming the notices in this case did not literally follow the language of the Handbook’s guidelines, tenant’s due process rights were not compromised. Tenant was fairly apprised of the contact information for recertification and the proposed increase in rent, and never denied in his affidavit that he received the notices. Indeed, tenant admitted receipt of the third notice and entered into a binding stipulation of settlement — the terms of which were explained to him by the court — directing him to complete recertification by August 24, 2006 and permitting a readjustment of arrears upon submission of proof that tenant’s recertification documents were submitted timely. Tenant failed to comply and cannot now complain that his due process rights were violated.
Accordingly, I vote to reverse the order of the court below, deny tenant’s motion to vacate the stipulation of settlement and *42 the underlying default final judgment and to dismiss the petition, and remand the matter for a hearing to determine whether tenant complied with the stipulation’s provision requiring him to prove timely submission of recertification documents.
Pesce, EJ., and Rios, J., concur; Weston Patterson, J., dissents in a separate memorandum.